**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **MEGAN D. STYLES,** | ) | |
| | ) | |
| Plaintiff, | ) | **Case No.: 12-cv-457** |
| | ) | |
| vs. | ) | |
| | ) | |
| **CAVALRY PORTFOLIO SERVICES, LLC,** | ) | **Jury Trial Demanded** |
| AND | ) | |
| **CAVALRY SPV I, LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Megan Styles (hereinafter "Plaintiff" or "Ms. Styles") is a natural person who lives in this district and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant Cavalry Portfolio") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a limited liability

[1]

corporation organized in Delaware, that maintains CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710, as its registered agent for service of process.

6. Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry SPV") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit limited liability company organized in Colorado that maintains CT Corporation System, 800 S. Gay St., Suite 2021, 37929-9710 as its registered agent for service of process.

7. Defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC shall collectively hereinafter be referred to as "DEFENDANTS".

8. Other Defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTS

9. DEFENDANTS use the mail in their businesses.

10. DEFENDANTS use telephone communications in their businesses.

11. The primary purpose of DEFENDANTS' businesses is the collection of debts.

12. DEFENDANTS regularly collect or attempts to collect debts owed, or due, or asserted to be owed or due to another.

13. DEFENDANTS are debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

14. DEFENDANTS have alleged that Ms. Styles incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a

[2]

"debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a personal loan or credit card bill allegedly originally owed to or serviced by HSBC Bank Nevada, N.A. \ Orchard Bank (HSBC Bank Nevada, N.A. and Orchard Bank are entities which are the initiating and servicing creditors on the same underlying account and are hereinafter referred to as "HSBC").

15. Sometime prior to August 25, 2011, Ms. Styles's debt was sold or otherwise transferred to one of the above-styled DEFENDANTS for collection from Ms. Styles, when thereafter Ms. Styles received collection communications and was subjected to collection acts from DEFENDANTS, all in an attempt to collect this debt.

16. Ms. Styles has made no payments on this account since before August 25, 2011.

17. Ms. Styles has only had one HSBC account since 2008.

18. In the course of attempting to collect a debt allegedly due from Ms. Styles to a business which is not a party to this litigation, DEFENDANTS communicated with Ms. Styles in ways that violated the Fair Debt Collection Practices Act.

### *August 25, 2011 Collection Letter*

19. Cawley & Bergmann, LLP sent Plaintiff a collection letter dated August 25, 2011, on behalf of its client, Defendant Cavalry Portfolio (see attached Exhibit A).

20. The August 25, 2011 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with collecting the debt and in an attempt to collect the debt.

21. The August 25, 2011 collection letter was collecting on the HSBC account numbered 5155990049295037 and assigned a "File Number" of 694618.

22. The August 25, 2011 collection letter asserted an amount due of $787.29 as of August 25, 2011.

*January 27, 2012 Collection Letter*

23. Sentry Credit, Inc. sent Plaintiff a collection letter dated January 27, 2012 on behalf of its client, Defendant Cavalry Portfolio (see attached Exhibit B).

24. The January 27, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

25. The January 27, 2012 letter was collecting on the same HSBC Bank Nevada, N.A. account, but it assigned the "Client Account" number of 13892599 and the "Agency Account" number of 0003343103.

26. The January 27, 2012 letter asserted an amount due of $815.16 as of January 27, 2012.

27. The January 27, 2012 letter asserted a "Current Interest Rate" of 0.00%.

28. The January 27, 2012 letter also asserted "CAVALRY PORTFOLIO SERVICES shares all of the information CAVALRTY PORTFOLIO SERVICES collects about you … with nonaffiliated companies, as permitted by law, to assist in the servicing of your account(s)."

29. The January 27, 2012 letter finally asserts that the "Date of Last Payment" was 06/13/2009.

### June 7, 2012 Collection Letter

30. American Coradius International, LLC sent Plaintiff a collection letter dated June 7, 2012 on behalf of its client, Defendant Cavalry SPV (see attached Exhibit C).

31. The June 7, 2012 collection letter was a communication as defined by 15 U.S.C. § 1692a(2), and was sent in connection with the collection of a debt and in an attempt to collect the debt.

32. The June 7, 2012 letter was collecting on the same HSBC account with the same original account number of 5155990049295037.

33. The June 7, 2012 letter asserted an amount due of $843.41 as of June 7, 2012.

34. The letter further asserts: "As of the date of this letter you owe $843.41. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." (Exhibit C).

35. The June 7, 2012 letter states: "Make Checks Payable to: American Coradius International, LLC."

36. The June 7, 2012 letter finally asserts: "We are writing to you regarding your CAVALRY SPV I, LLC account."

## CAUSES OF ACTION

### FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

37. The acts of DEFENDANTS constitute violations of the Fair Debt Collection Practices Act. DEFENDANTS' violations of the FDCPA include, but are not limited to, the use of any

[ 5 ]

false, deceptive, or misleading representations or means in connection with the collection of any debt is a violation of 15 U.S.C. § 1692e.

38. Each letter from DEFENDANTS demanded a different amount from Ms. Styles. A calculation of the time between the letters and the amounts sought shows that each and every letter has accrued a differing amount of interest and none of them applied the contractual rate of interest.

39. By assigning different account balances and interest rates to the same account, none of which are the applicable contract rate of interest, DEFENDANTS have confused Ms. Styles as to what amount of money she owes on this account.

40. By assigning different account numbers to the same account, DEFENDANTS have confused the least sophisticated consumer as to what account she owes money on.

41. By constantly changing who is collecting the debt, DEFENDANTS have misled and confused Ms. Styles as to who she owes for her HSBC account.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

42. The acts of DEFENDANTS constitute violations of the Fair Debt Collection Practices Act. DEFENDANTS' violation of the FDCPA include, but are not limited to, the use of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is a violation of 15 U.S.C. §1692e(2).

43. The actual amount of the alleged debt is certainly in question. It is overly confusing as to what amount is owed on this account since the amount of $787.29 is demanded in Cawley

[ 6 ]

& Bergmann, LLP's collection letter dated August 25, 2011; then the balance increases to $815.16 pursuant to Sentry Credit, Inc.'s January 27, 2012 letter; and finally the balance increases again whereby $843.41 is demanded pursuant to American Coradius International, LLC's June 7, 2012 letter.

44. Ms. Styles asserts that if only $27.87 in interest and fees accrued on the account from DEFENDANTS' collection letter dated August 25, 2011 demanding $787.29, to DEFENDANTS' letter dated January 27, 2012 demanding $815.16, then there should certainly not be an increase of $28.25 in the balance owed from January 27, 2012 to June 7, 2012.

45. Ms. Styles asserts that the balance should not have increased at all after January 27, 2012 as Sentry Credit, Inc.'s January 27, 2012 letter asserts the current interest rate is 0.00%.

46. A simple understanding of accruing interest shows that the amounts demanded by DEFENDANTS are a result of DEFENDANTS' application of inconsistent rates of fees and interest as the balance increased by $27.87 in 155 days from August 25, 2011 to January 27, 2012 but then increased by $28.25 in the 131 days from January 27, 2012 to June 7, 2012.

47. By demanding amounts that increase by various interest rates, DEFENDANTS have confused Ms. Styles as to what amount of money she owes on this account.

48. Ms. Styles asserts that the constantly changing balance asserted by DEFENDANTS demonstrates that they have no knowledge of the correct amount owed, if any. Further, DEFENDANTS are making an attempt to keep her confused as to the amount owed so that if she were to make payments on this account she would never know the actual

[ 7 ]

amount owed, and instead would keep paying indefinitely on fees, interest, or other charges that were never legally owed by her.

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: UNFAIR PRACTICES

49. The acts of DEFENDANTS constitute violations of the Fair Debt Collection Practices Act. DEFENDANTS' violations of the FDCPA include, but are not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, is a violation of 15 U.S.C. §1692f(1).

50. Ms. Styles is unaware of any "other charges that may vary from day to day" that HSBC or DEFENDANTS may be entitled to and disputes that she is contractually obligated to pay any "other charges that may vary from day to day."

51. The amounts sought by DEFENDANTS in their various communications include differing rates of interest and various fees not expressly authorized by the agreement creating the debt or permitted by law, and thus were in direct violation of 15 U.S.C. § 1692f(1).

52. By asserting a balance that varied in each of the DEFENDANTS' collection attempts, specifically assessing an inconsistent rate of interest, fees or charges on each collection letter, DEFENDANTS have demanded amounts that are not expressly authorized by the agreement creating the debt or permitted by law.

53. Since only $27.87 in interest and fees accrued on the account from the Cawley &

Bergmann, LLP letter dated August 25, 2011 (which demanded $787.29) to the Sentry Credit, Inc. letter dated January 27, 2012 demanding $815.16, then an increase of $28.25 in the balance owed from January 27, 2012 to June 7, 2012 demonstrates that DEFENDANTS are not even applying a consistent rate of interest and fees, much less one that is expressly authorized by the agreement creating the debt.

54. The letters from the various entities hired by DEFENDANTS all assert varying balances owed and after calculating the time that had passed between letters and the change in the amount owed it is obvious the interest and fees charged were not applied consistently and thus could not be in compliance with the original agreement creating the debt.

55. Tennessee laws require that creditors and debt collectors only demand interest and fees that are attributable to an account and pursuant to the underlying contract that was signed by the consumer, thus the exorbitant and inconsistent amounts demanded by DEFENDANTS are also attempts to collect an amount not permitted by law.

56. Sentry Credit, Inc.'s January 27, 2012 letter even asserts that the account's interest rate is 0.00% despite DEFENDANTS demanding more on the account in their June 7, 2012 collection letter.

57. DEFENDANTS are not even applying the interest rates that they assert in their letters, much less the contractual or statutory interest rate.

[ 9 ]

# FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:

# COMMUNICATING WITH THIRD PARTIES

58. Without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, a debt collector's communication with any person other than a consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, in connection with the collection of any debt is a violation of 15 U.S.C. § 1692c(b).

59. The FDCPA forbids a debt collector from discussing a consumer's debt with any third parties except under limited circumstances not present here.

60. Without the prior consent of the Plaintiff given directly to DEFENDANTS, it may not communicate with any other person in connection with the collection of the debt other than for the purpose of acquiring "location information." See 15 U.S.C. § 1692b.

61. When DEFENDANTS communicated to Plaintiff that it "shares all of the information CAVALRY PORTFOLIO SERVICES collects about you … with nonaffiliated companies … to assist in the servicing of your account(s)", DEFENDANTS communicated with third parties outside the list enumerated by the FDCPA.

62. At the time of this communication, DEFENDANTS were already aware of all three items of information that are included in the definition of "location information" – where she lived, her telephone number where she lived, and her place of employment – thus DEFENDANTS were not communicating with third parties for the purpose of acquiring location information.

63. As a result of DEFENDANTS' actions, Ms. Styles is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

[10]

Case 3:12-cv-00457-TWP-CCS   Document 1   Filed 08/27/12   Page 10 of 11   PageID #: 10

## TRIAL BY JURY

64. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendants to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 27th day of August, 2012.

*/s/ Justin A. Brackett*
Justin A. Brackett, BPR #024326
Attorney for Plaintiff
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
(865) 688-0868

[11]